UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EARTH ISLAND INSTITUTE,
a non-profit organization,

        NO. CIV. S-09-2020 FCD/EFB

    Plaintiff,

  v.                      MEMORANDUM AND ORDER

ALICE B. CARLTON, in her
official capacity as Forest
Supervisor for Plumas National
Forest, RANDY MOORE, in his
official capacity as Regional
Forester for Region 5 of the
United States Forest Service,
and the UNITED STATES FOREST
SERVICE,

    Defendants.

----oo0oo----

    This matter is before the court on plaintiff Earth Island Institute's ("plaintiff") motion for a stay and injunction pending appeal of this court's August 20, 2009 Order (Docket #53), denying plaintiff's motion for a preliminary injunction, which sought to enjoin the United States Forest Service's Moonlight-Wheeler Fire Recovery and Restoration Project (the

1

1  "Project").[1]  The harvesting of dead and dying trees began on
2  September 1, 2009.  Pursuant to Federal Rule of Civil Procedure
3  62(c), plaintiff now seeks to enjoin any further implementation
4  of the Project pending resolution of plaintiff's appeal of the
5  court's Order to the Ninth Circuit.
6     For the reasons set forth below, the court DENIES
7  plaintiff's motion for an injunction pending its appeal.
8  Plaintiff does not make the requisite showing under Rule 62(c).
9     Rule 62(c) provides in pertinent part: "While an appeal is
10 pending from an interlocutory order or final judgment that
11 grants, dissolves, or denies an injunction, the court may
12 suspend, modify, restore, or grant an injunction on terms for
13 bond or other terms that secure the opposing party"s rights."  In
14 determining whether to issue an injunction pending appeal, the
15 court must consider:  (1) whether plaintiff has make a strong
16 showing that it is likely to succeed on the merits of its appeal;
17 (2) whether plaintiff will be irreparably injured absent issuance
18 of an injunction; (3) whether issuance of an injunction will
19 substantially injure the other parties interested in the

---

[1]  Plaintiff filed the instant motion on September 3, 2009, requesting an "expedited ruling."  Although plaintiff did not comply with the local rules for hearing motions on shortened time, the court nonetheless considered the motion in light of the urgent circumstances and permitted defendants an opportunity to respond to the motion (Docket #60).  Having considered the parties' papers, the court now issues its decision on the motion. E.D. Cal. L.R. 78-230(h) (considering the extensive briefing on the underlying motion and the lengthy hearing held on August 7, 2009, oral argument on this motion is not necessary). Preliminarily, the court notes that while plaintiff at times describes its motion as a request for a *stay* pending appeal, the motion is properly construed as a request for an *injunction* pending appeal as plaintiff seeks to enjoin further implementation of the Project pending its appeal of the court's order.

2

proceeding; and (4) where the public interest lies. <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987); <u>Cal. Pharmacists Ass'n v. Maxwell-Jolly</u>, 563 F.3d 847, 849-50 (2009). This standard is essentially the same as that for issuance of a preliminary injunction.[2]  <u>See</u> <u>Nken v. Holder</u>, 129 S. Ct. 1749 (2009).

Plaintiff's instant motion for an injunction pending its appeal raises the same arguments made in its moving papers on the underlying preliminary injunction motion. With respect to the merits, irreparable injury and the balance of equities and the public interest, plaintiff simply reiterates its prior arguments in favor of issuance of an injunction enjoining the Project. While plaintiff attempts to repackage those arguments herein, by asserting that the court made certain alleged factual errors, overlooked pertinent evidence and misapplied controlling legal standards, its arguments are not compelling. The court addressed each of plaintiff's arguments (made then and now) in its 66-page, August 20 Order, and it need not repeat that analysis here. For the reasons fully set forth in the August 20 Order, plaintiff has not shown a likelihood of success on the merits of its claims against defendants pursuant to NEPA, NFMA or the MBTA or a likelihood of irreparable harm nor that the balance of equities

---

[2]  <u>See</u> <u>Winter v. NRDC</u>, 129 S. Ct. 365, 374-75 (2008) (holding that a plaintiff seeking a preliminary injunction must establish that: (1) it is likely to succeed on the merits of its claims; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest). Contrary to plaintiff's *continued* protestations, <u>Winter</u> represents the sole, controlling standard for preliminary injunction relief. There is no longer a viable, alternative sliding-scale test, for the reasons thoroughly discussed by the court in its August 20 Order. (Docket #53 at 9-11.)

1  tip in its favor or that the public interest is best served by
2  enjoining the Project.  As such, plaintiff's motion for an
3  injunction pending appeal is DENIED.

     IT IS SO ORDERED.

DATED: September 4, 2009

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE